IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RICHARD GREEN and LACY GREEN, § <br> Individually, and as Next Friend § <br> of A.G., a Minor, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> BIG WOODS TRUCKING INC. and § <br> NATHAN D. JENKINS, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:22-cv-00399 <br><br> <u>JURY TRIAL DEMANDED</u> |

**THE GREEN FAMILY'S ORIGINAL COMPLAINT AGAINST DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **RICHARD GREEN and LACY GREEN, Individually, and as Next Friend of A.G., a Minor** (hereinafter "Plaintiffs" or "Green Family"), complaining of **BIG WOODS TRUCKING INC. and NATHAN D. JENKINS** (collectively, "Defendants") and for causes of action would respectfully show the Court the following:

**I.**

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as complete diversity exists among the Parties, and Plaintiffs seek monetary damages in excess of $75,000. Plaintiffs are citizens of Texas and Defendants are citizens of Minnesota.

2. Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## II.

## PARTIES

3. Plaintiffs RICHARD GREEN, LACY GREEN, and A.G., a Minor, are residents Marion County, Texas.

4. Defendant BIG WOODS TRUCKING INC. ("BWT") is a foreign corporation with its principal place of business in Cannon Falls, MN. This Defendant is subject to the Court's jurisdiction because its specific Texas contacts associated to the underlying claims and incident justify such. This Defendant may be served with process by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process at BWT's principal place of business, which is located at 32453 64th Avenue Way, Cannon Falls, MN 55009.

5. Defendant NATHAN D. JENKINS ("Defendant Driver") is a natural person and resident of Minnesota. This Defendant may be served with process at his personal residence, which is located at 2118 Pioneer Road, Unit 52, Red Wing, MN 55066-2935.

## III.

## FACTS

6. On or about January 13, 2022, Plaintiffs suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiffs were driving west on Interstate 20 in Van Zandt County, Texas when suddenly and without warning Defendants' 18-wheeler struck Plaintiffs' vehicle from behind due to Defendant Driver's failure to adequately reduce his speed in traffic. The impact caused Plaintiffs vehicle to roll several times before coming to rest in the interstate median:



7.     At the time of the collision, Defendant Driver failed to keep a proper look out and failed to adequately reduce his speed in traffic. As a result of the above, Plaintiffs were seriously injured.

8.     At all relevant times, Defendant Driver was acting in the course and scope of his employment with Defendant BWT and acting in furtherance of a mission for Defendant BWT's benefit and subject to its control. Additionally, Defendant Driver was driving a vehicle

3

owned and maintained by Defendant BWT and was operating the vehicle under Defendant BWT's commercial operating authority.

## IV.

## CAUSES OF ACTION

A. *Negligence and Gross Negligence (Against All Defendants)*

9. Plaintiffs repeat and reallege each allegation contained above.

10. Plaintiffs sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to maintain a safe speed;
- Failed to control their speed;
- Failed to keep a proper lookout;
- Failed to maintain a safe distance;
- Failed to pay attention to the road ahead;
- Failed to operate the vehicle safely;
- Failed to properly supervise BWT's employees;
- Failed to properly train BWT's employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and
- Other acts deemed negligent and grossly negligent.

11. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause

of Plaintiffs' injuries. As a result of Defendants' negligence, Plaintiffs suffered severe physical injury.  Plaintiffs are entitled to recover for their injuries.

12.     Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

**B.     *Negligence Per Se (Against All Defendants)***

13.     Plaintiffs repeat and reallege each allegation contained above.,

14.     Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Section 545.401.

15.     Plaintiffs are members of the class that Texas Transportation Code Section 545.401 was designed to protect.

16.     Defendants' unexcused breach of the duties imposed by Texas Transportation Code Section 545.401 proximately caused Plaintiffs' injuries described herein.

**C.     *Negligent Hiring (Against Defendant BWT)***

17.     Plaintiffs repeat and reallege each allegation contained above.

18.     Plaintiffs sustained injuries as a result of Defendant BWT's negligent hiring because of Defendant BWT's:

- Failure to conduct a reasonable and adequate interview of Defendant Driver as a potential employee.

- Failure to properly follow up on information not provided by Defendant Driver in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations.

- Failure to sufficiently investigate Defendant Driver's training, prior

5

        employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Driver.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

D.    *__Negligent Training (Against Defendant BWT)__*

19.    Plaintiffs repeat and reallege each allegation contained above.

20.    Plaintiffs sustained injuries as a result of Defendant BWT's negligent training because of Defendant BWT's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Driver.

- Failure to provide the necessary training to Defendant Driver regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Driver, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Supervision, Retention, and Monitoring (Against Defendant BWT)*

21. Plaintiffs repeat and reallege each allegation contained above.

22. Plaintiffs sustained injuries as a result of Defendant BWT's negligent supervision, retention and monitoring because of Defendant BWT's:

- Failure to monitor Defendant Driver to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Driver to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Driver, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the collision made the basis of this suit.

- Failure to supervise Defendant Driver to ensure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### F. *Negligent Entrustment (Against Defendant BWT)*

23. Plaintiffs repeat and reallege each allegation contained above.

24. Plaintiffs sustained injuries as a result of Defendant BWT's negligent entrustment because Defendant BWT:

- Provided a vehicle and/or authority to Defendant Driver who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

### G. *Ratification (Against Defendant BWT)*

25. Plaintiffs repeat and reallege each allegation contained above.

26. Defendant BWT is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant BWT:

- Retained Defendant Driver after he committed the underlying tortious acts;

- Knew of Defendant Driver's tortious acts;

- Recognized that Defendant Driver will likely continue to be negligent if he is retained;

- Recognized that Defendant Driver will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Driver from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Driver's negligent and grossly negligent conduct after Defendant BWT gained knowledge of the conduct.

27. As a result of Defendant Driver's negligent and grossly negligent conduct, which Defendant BWT ratified, Plaintiffs suffered severe physical injury. Plaintiffs are entitled to recover for their injuries. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiffs are entitled to exemplary damages.

## V.

### *RESPONDEAT SUPERIOR* AGAINST BWT

28. Plaintiffs repeat and reallege each allegation contained above.

29. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Driver was within the course and scope of employment for Defendant BWT.

30. At the time of the occurrence of the act in question and immediately prior

thereto, Defendant Driver was engaged in the furtherance of Defendant BWT's business.

31. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Driver was engaged in accomplishing a task for which Defendant BWT was employed.

32. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant BWT.

## VI.

## AGENCY

33. Plaintiffs repeat and reallege each allegation contained above.

34. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant BWT, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant BWT.

35. Therefore, Defendant BWT is liable to the Plaintiffs for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## VII.

## DAMAGES

36. Plaintiffs repeat and reallege each allegation contained above.

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, loss of wages and/or loss of earning capacity, pain, suffering, and mental anguish, and to incur the following damages. Plaintiffs pray for relief

and judgment, as follows:

- Compensatory damages against Defendants;
- Actual damages;
- Consequential damages;
- Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary for such services;
- Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
- Past and future physical pain and suffering;
- Past and future mental anguish;
- Past and future physical impairment;
- Past and future disfigurement;
- Past and future loss of earning capacity;
- Past and future loss of household services;
- Past and future loss of consortium;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

37.  Plaintiffs plead further for punitive damages in amount as the jury shall affix. Defendants acted with flagrant and malicious disregard of Plaintiffs' health and safety. Defendants were subjectively aware of the extreme risk posed by their acts and/or omissions, which caused Plaintiffs' injury, but did nothing to rectify them. Defendants did so knowing that their acts and/or omissions posed dangerous and grave safety concerns. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk leading to the underlying incident and associated injuries.

## VIII.

## JURY TRIAL DEMANDED

38.  Plaintiffs hereby requests a jury trial of this matter and has or will pay the appropriate jury fee.

## IX.

## PRAYER

For these reasons, Plaintiffs pray that Defendants be duly cited and served with this Complaint, that they be required to appear and answer same within the delays provided by law, and that after all due proceedings are had there be judgment rendered herein in favor of Plaintiffs and against all Defendants, in solido, for all such damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all such other general and equitable relief to which Plaintiffs may be justly entitled.

DATED: October 12, 2022                                  Respectfully submitted,

/s/ *Stafford Davis*
Stafford G. H. Davis
State Bar No. 24054605
Catherine S. Bartles
State Bar No. 24104849
**THE STAFFORD DAVIS FIRM, PC**
815 S Broadway Ave.
Tyler, Texas 75701
(903) 593-7000 (Office)
(903) 705-7369 (Fax)
sdavis@stafforddavisfirm.com
cbartles@stafforddavisfirm.com

*Attorneys for the Green Family*