IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RICHARD GREEN AND LACY GREEN, INDIVIDUALLY, AND AS NEXT FRIEND OF A.G., A MINOR,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BIG WOODS TRUCKING INC. AND NATHAN D. JENKINS,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ Civil Action No. 2:2-cv-00399-JRG-RSP<br>§<br>§<br>§<br>§<br>§ |

## AGREED FINAL JUDGMENT

On this date, Plaintiffs Richard Green, Individually, and Lacy Green, Individually and as Next Friend of A.G. a Minor Child ("Plaintiffs") and Defendants Big Woods Trucking, Inc. and Nathan D. Jenkins ("Defendants") appeared through their respective counsel of record. Joy Berry, Guardian Ad Litem for Minor A.G. also appeared. Plaintiffs and Defendants have waived their rights to trial before a jury and announced in open court that, subject to the approval of the Court, they have reached a settlement of all matters and controversies in this cause. Plaintiffs, in their individual and representative capacities, have agreed to dismiss all claims asserted in this lawsuit against said Defendants with prejudice.

Having read the pleadings and heard the evidence, the statements of counsel, and the report and recommendations of the Guardian Ad Litem, which were made after an independent investigation, the Court makes the following findings in Judgment:

The parties are properly before the Court;

This Court has jurisdiction over the parties and the subject matter of this suit;

There is a *bona fide* dispute between the parties with respect to the subject matter of this suit; and

The settlement recited below is fair, just, and reasonable and in the best interest of all parties hereto, including Minor Plaintiff A.G., and should be approved by the Court.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** by the Court that the settlement between Plaintiffs and said Defendants is in the best interests of minor Plaintiff A.G. and is approved, and Plaintiffs shall recover from said Defendants as provided in the "Release Agreement," between the Plaintiffs and Defendants, which the parties have agreed to and the Guardian Ad Litem has approved.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that minor Plaintiff A.G. shall receive periodic payments in the form of an annuity in accordance with the terms of the parties' "Release Agreement." Said periodic payments shall be made payable to A.G. according to the following schedule:

1. $10,000 guaranteed lump sum payable on December 15, 2040.
2. $15,000 guaranteed lump sum payable on December 15, 2046.
3. $30,000 guaranteed lump sum payable on December 15, 2051.
4. $50,000 guaranteed lump sum payable on December 15, 2056.
5. $173,712.21 guaranteed lump sum payable on December 15, 2061.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the obligation to make periodic payments described above may be assigned USAA Annuity Services Corporation and funded by an annuity contract issued by USAA Life Insurance Company.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said Defendants shall pay a fee of $ 8,000.00/00 to Joy Berry, the court appointed Guardian Ad Litem in this proceeding. All other costs of court are to be paid by the party incurring same.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are responsible for any and all liens and past medical bills incurred as a result of the incident made the basis of this lawsuit.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that all Plaintiffs' claims asserted in this lawsuit against Defendants are hereby dismissed with prejudice. It is further ordered by this Court, in accordance with the Agreement, that making such settlement, being for the purpose of avoiding further time, trouble, and expense of investigation and litigation, does not constitute an admission of liability on the part of the Defendants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rights to receive periodic payments granted to the minor Plaintiff A.G. in this Judgment and the "Release Agreement" may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of the U.S. District Court for the Eastern District of Texas, Marshall Division, as evidenced by an order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, §141.001, et seq., Texas Civil Practice and Remedies Code, as it now exists or may hereafter be amended, or any successor to such statute. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights that has not been approved will be a direct pledge, or other alienation of such payment rights that has not been so approved will be a direct violation of this Order.

[SIGNATURE ON NEXT PAGE]

Signed this 24th day of MAY, 2023.

_____
**ROY S. PAYNE**
UNITED STATES MAGISTRATE JUDGE

**Approved:**

_____
Stafford Davis,
STAFFORD DAVIS FIRM, P.C.
**Counsel for Plaintiffs**

**Approved:**

_____
Roy Lambert – Peter Kern
HERMES LAW, P.C.
**Counsel for Defendants**

**Approved:**

_____
Joy Berry,
BERRY & BERRY, L.L.P.
**Guardian Ad Litem**